### STATE v. PEEPLES

#### (120 S. E., 861)

1. CRIMINAL LAW—REFUSING CONTINUANCE ON ACCOUNT OF ABSENCE OF WITNESS NOT ABUSE OF DISCRETION.—Where it was not shown that defendant's wife had exclusive knowledge of the things to which she would have testified, refusing a continuance on account of her absence was not an abuse of the trial Court's discretion.

2. CRIMINAL LAW—REFUSING CONTINUANCE WITHIN TRIAL COURT'S DISCRETION IF ABSENT WITNESS' KNOWLEDGE OF FACTS WAS NOT SHOWN TO BE EXCLUSIVE.—Refusing a continuance on account of the absence of a witness not shown to have exclusive knowledge of the facts is within the trial Court's discretion.

3. CRIMINAL LAW—INSTRUCTION THAT JURY COULD INFER INTENT FROM ACT OF KILLING HELD NOT ERROR.—An instruction that, since defendant admitted killing decedent, the jury could infer that it was intentional, *held* not error, in view of other parts of the charge.

4. HOMICIDE—CHARGE AS TO NECESSITY OF RETREAT HELD NOT APPLICABLE.—Where deceased was on the ground surrounding a store, where the public were invited to come, failure to charge on the law as to the necessity of retreating when a man is on his own premises was not error.

5. CRIMINAL LAW—DEFENDANT CANNOT COMPLAIN OF CHARGE SUGGESTING RECOMMENDATION TO MERCY.—Defendant cannot complain of a charge suggesting that a recommendation to mercy in case of a conviction would be reasonable.

Before GARY, J., Hampton County, September 1922. Affirmed.

Abe R. Peeples was convicted of manslaughter and appeals.

*Mr. George Warren* for appellant cites: *Presumption of innocence;* 2 Bish. New Cr. Proc. (2nd Ed.), Sec. 1103, 1104, 1105, 1106; Und. Cr. Evid., Sec. 17; 24 S. C., 439; 107 S. E., 149; Greenl. Evid. 14th Ed., Sec. 34. *Murder:* 12 Rich., 430; 34 S. C., 129; 73 S. C., 277; 15 S. C., 413; 91 S. C., 235. *State must prove malice;* 6 S. C., 185; 29 S. C., 201; 38 S. C., 221; 72 S. C., 104; 72 S. C., 194. *Right of person attacked on his own premises:* 39 L.

Ed., 1086; 79 S. C., 149; 162 U. S., 491; 5 Ann. Cas., 999; 96 S. E., 542; 115 S. E., 303.

*Mr. Randolph Murdaugh, Solicitor,* for the State, cites: *Right of person attacked on his own premises was not raised by request to charge and connot be considered:* 115 S. C., 238; 68 S. C., 421.

December 13, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The defendant was charged with murder and convicted of manslaughter.

I. When the case was called for trial there was a motion for continuance on the ground that the defendant's wife, who was a witness, was absent on account of the illness of her child. The motion was overruled. This was not reversible error. A continuance was within the discretion of the trial Judge, and no abuse of discretion was shown. There was no showing that the absent witness had exclusive knowledge of the things to which she would have testified. There was no error here.

II. The next allegation of error is that his Honor charged:

"He admits the taking the life of the deceased, and when he does that you have a right to assume that it was a felonious killing. You have the right to assume that from —that he intentionally took his life."

His honor had already charged:

"If a felonious killing is accompanied by malice shown in that way it is murder, or the malice may be implied from the use of a deadly weapon, if one person takes the life of another, using a weapon which is calculated to do serious bodily harm, or taking the life of his fellow man, and nothing else appears, you have a right to imply that it was done with malice; the use of a deadly weapon, or whether

the malice is expressed or implied, if it is present and a felonious killing, it is murder."

In the *State v. Rochester,* 72 S. C., 201; 51 S. E., 687, we find:

"The rule is thus stated in *State v. Hopkins,* 15 S. C., 153, 156: 'There is no doubt whatever of the isolated proposition that the law presumes malice from the mere fact of homicide, but there are cases as made by the proof to which the rule is inapplicable. When all of the circumstances of the case are fully proved there is no room for presumption. The question becomes one of fact for the jury, under the general principle that he who affirms must prove, and that every man is presumed innocent until the contrary appears. We cannot distinguish this case from that of *State v. Coleman,* 6 S. C., 185'."

His Honor told the jury that the bare fact of the killing presumed malice when nothing else appeared, and that was correct.

III. The next assignment of error is that his Honor erred in not charging the law as to the necessity to retreat when a man is on his own premises. The charge was not applicable to the facts, and there was no request to charge on that subject. The deceased was on the ground surrounding a store, where the public were invited to come. There was no error here.

IV. The last error is that his Honor unduly emphasized the effect of a recommendation to mercy.

There was no error here. If his Honor erred at all, it was in suggesting that a recommendation to mercy, in case of a conviction, would be reasonable. Of this the appellant cannot complain.

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and COTHRAN concur.

MR. JUSTICE MARION did not participate.