## 11464

### STATE v. RIPPEY

#### (122 S. E., 397)

1. CRIMINAL LAW—REFUSAL OF CONTINUANCE WITHIN COURT'S DISCRETION.—In a prosecution for violating the prohibition law, refusal of a continuance *held* within Court's discretion.

2. CRIMINAL LAW—INSTRUCTION AS TO ENTRAPMENT HELD NOT ERROR. —An instruction that a person making an unlawful sale of liquor is not excused from criminality by the fact that the sale was induced for the purpose of prosecuting seller, *held* not error; the jury being the sole judges of questions of sufficiency and credibility of testimony.

Before JOHNSON, J., Union, February, 1923.  Affirmed.

Boyd Rippey convicted of the violation of the prohibition law and appeals.

*Mr. J. Gordon Hughes,* for appellant, cites: *Conviction should not lie where accused was lured into commission of crime:* 18 A. L. R., 149; 253 Fed., 862; 104 S. C., 148.

*Mr. I. C. Blackwood, Solicitor,* for the State.

April 15, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The appellant was convicted and sentenced under an indictment charging a violation of the prohibition law by sale of having in possession one pint of alcoholic liquor.

Exceptions 1 and 2 allege error and abuse of discretion on the part of his Honor in refusing a continuance on the showing made.  In the case of *State v. Peeples* (S. C.), 120 S. E., 361, Mr. Justice Fraser says:  When a motion was made for a continuance on the ground that the defendant's wife, who was a witness, was absent on account of the illness of her child, "the motion was overruled.  This was not reversible error.  A continuance was within the discretion of the trial Judge and no

abuse of discretion was shown. There was no showing that the absent witness had exclusive knowledge of the things to which she would have testified. There was no error here."

Exception 3 alleges error on the part of his Honor in his charge to the jury in the following:

"I charge you further that a person making an unlawful sale of liquors is not excused from criminality by the fact that the sale is induced for the purpose of prosecuting the seller."

This was not error. The evidence is for the jury in any case, they are the judges of the facts in any case submitted to them, and they judge the sufficiency and credibility of the same, and, while we do not approve of the prosecution inducing any one to violate the law in order that he may be caught, yet there are times that it is the only way that a violator of law can be entrapped. We cannot say that the evidence in this case on the part of the detective, Hart, was such that we should grant a new trial.

Exception 4 complains that the evidence did not warrant a conviction. We think differently.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.